UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN V. FRANKLIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>)<br>Defendant. ) | Cause No. 1:12-cv-230-WTL-MJD |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Brian V. Franklin requests judicial review of the final decision of Defendant Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner"), denying his application for Supplemental Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). The Court now rules as follows.

### I.     PROCEDURAL HISTORY

On May 21, 2008, Franklin filed an application for SSI alleging disability beginning April 13, 2006. Franklin's application was initially denied on September 10, 2008, and again upon reconsideration on October 20, 2008. Thereafter, Franklin requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on September 20, 2010 before ALJ John Metz in Indianapolis, Indiana. During the hearing, Stephanie R. Archer testified as a vocational expert and Lee Fisher, M.D., testified as a medical expert. On November 3, 2010, the ALJ issued a decision denying Franklin's application for benefits. The Appeals Council upheld the ALJ's decision and denied Franklin's request for review on December 28, 2011. This timely action for judicial review ensued.

## II.   EVIDENCE OF RECORD

The specifics of Franklin's medical history are set forth in the parties' briefs and need not be recited here.

In short, Franklin has a history of heart problems dating back to at least April, 2006. Since then, he has been hospitalized and received treatment for, *inter alia*, myocardial infarction, arteriosclerotic heart disease, and congestive heart failure. Franklin's recurrent heart problems caused doctors to implant a defibrillator in his chest in October, 2008. Franklin's cardiologist, Dr. Wayne L. Gray, has opined that Franklin is a "candidate for sudden death." Transcript at 794.

## III.   APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d) (1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). At step three, the Commissioner determines whether the claimant's impairment or combination of

impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

On review, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.,* and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue,* 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Franklin has not engaged in substantial gainful activity since his alleged onset date of April 13, 2006. At step two, the ALJ concluded that Franklin had the following severe impairments: coronary artery disease; prior myocardial infarction; prior myocardial dysfunction; prior stents with balloon angioplasty; pacemaker/defibrillator; prior congestive heart failure; nonsustained ventricular tachycardia; and polysubstance abuse. At step

three, the ALJ determined that Franklin's severe impairments did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Franklin had the residual functional capacity ("RFC") to perform sedentary work with some limitations; Franklin, however, could not perform any past relevant work. Given the RFC finding, and taking into account Franklin's age, education, and work experience, the ALJ determined at step five that Franklin could perform jobs existing in significant numbers in the national economy, those being an assembler or a general office clerk. Accordingly, the ALJ concluded that Franklin was not disabled as defined by the Act from April 13, 2006, through the date of his decision (i.e., November 3, 2010).

## V.     DISCUSSION

Franklin advances a single objection to the ALJ's decision: "[t]he ALJ failed to satisfy step three of the sequential evaluation process." Plaintiff's Brief at 13. Specifically, Franklin maintains that the ALJ did not properly consider the listings applicable to Franklin's impairments. Franklin also argues that his symptoms do, in fact, meet Listing 4.02, but that the ALJ ignored the potentially dispositive evidence.

> Under the third step of the sequential evaluation process,
>
> [A] claimant is eligible for benefits if [he] has an impairment that meets or equals an impairment found in the Listing of Impairments. The listings specify the criteria for impairments that are considered presumptively disabling. A claimant may also demonstrate presumptive disability by showing that her impairment is accomplished by symptoms that are equal in severity to those described in a specific listing. In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing.

*Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citations omitted).

In this case, the ALJ considered five listings: Listing 4.04C, Ishemic Heart Disease; Listing 4.02, Chronic Heart Failure; Listing 4.05, Recurrent Arrhythmias; Listing 1.02, Major Dysfunction of a Joint; and Listing 1.04, Disorders of the Spine. The ALJ included the specific

4

language of each listing in his decision, but summarily concluded that the "the objective medical evidence fail[ed] to demonstrate" that the requirements of each listing were met. *See e.g.*, Transcript at 22. Franklin argues that the ALJ's examination is insufficient because there is not "a shred of analysis or justification for" his finding. Plaintiff's Brief at 13. Franklin also argues that the ALJ ignored medical evidence supportive of Listing 4.02.

Although the ALJ clearly noted five separate listings that Franklin's impairments failed to meet, his analysis was perfunctory. In this regard, the ALJ recited each listing word-for-word and generically concluded that the objective medical evidence failed to satisfy the requirements for the listings. The ALJ did not include any references to Franklin's medical history in his discussion of the listings. Further, the ALJ did not discuss in any meaningful way why Franklin's impairments and symptoms failed to meet or equal the relevant listings. It is especially troublesome here because the medical evidence indicates that Franklin may have met the requirements for chronic heart failure. In this regard, there were at least four instances in which Franklin's ejection fraction fell below 30%.[1] This evidence is not noted at step three or anywhere in the ALJ's decision. Thus, this Court is unable to determine whether the ALJ considered and/or ruled out this evidence in relation to Listing 4.02. *See Brindisi ex rel. Brindisi v. Barnhart*, 315

---

[1] In addition to other related symptoms, Listing 4.02 requires a medically documented presence of one of the following:

1. Systolic failure . . . with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure); or

2. Diastolic failure . . . with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure).

F.3d 783, 786 (7th Cir. 2003) (An ALJ has a "duty to acknowledge potentially dispositive evidence.") (citation omitted).

Because the ALJ did not provide a glimpse into his reasoning, the ALJ's analysis in relation to step three of the sequential evaluation process is inadequate and warrants remand.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **REVERSED** and this cause is **REMANDED** to the Commissioner for further proceedings consistent with this Entry.

SO ORDERED: 02/21/2013

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.